IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Bozek,                                    :
                            Appellant               :
                                                    :
            v.                                      :
                                                    :    No. 1557 C.D. 2024
Atlantic Wind, LLC                                  :    Argued: June 16, 2026

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY JUDGE FIZZANO CANNON                                     FILED: July 16, 2026


            Thomas J. Bozek (Appellant) appeals the October 15, 2024 Opinion
and Order (Trial Court Order) of the Court of Common Pleas of Fayette County
(Trial Court) that quashed Appellant's land use appeal in the Trial Court.  Upon
review, we affirm the Trial Court Order.

## I. Background

            This case began some 20 years ago with a series of challenges mounted
by Appellant in opposition to a proposed wind power facility known as the South
Chestnut Windpower Project located in southern Fayette County, Pennsylvania (the
Project).  *See* Trial Court Order at 1-2; *see also* Trial Court Rule 1925 Statement
filed January 3, 2025 pursuant to Pennsylvania Rule of Appellate Procedure 1925(a),
Pa.R.A.P. 1925(a) (Trial Court Opinion), at 1-2.  The Project began construction in
2010 or 2011 and has been fully operational for more than a decade.  *See* Trial Court
Opinion at 2.  Atlantic Wind, LLC (Developer),[1] by and through its assignee South

---

[1] Developer is successor to PPM Atlantic Renewable, which was involved as a named party
in previous litigation involving the Project.  *See* Trial Court Order at 2 n.1; *see also* Trial Court

Chestnut, LLC, is the Project's owner, developer, and operator. *See id.* at 2. Appellant is a landowner whose property lies in proximity to the Project but is not directly adjacent to any of the parcels on which the Project's wind turbines have been constructed. *See* Trial Court Opinion at 2.

Prior litigation in this matter, in which Appellant was involved, centered on zoning hearing board decisions, special exceptions, and variances. *See* Trial Court Order at 1-4; *see also* Trial Court Opinion at 2; *PPM Atl. Renewable v. Fayette Cnty. Zoning Hearing Bd.* (Pa. Cmwlth., No. 1431 C.D. 2010, filed Mar. 11, 2015). The Trial Court distilled the extended procedural posture of this prior litigation as follows:

> The extensive factual and procedural history in these matters (and in other related cases not currently before th[e Trial] Court) concern [Developer's] 2007 proposal to construct several wind turbines, 22 of which would be in Georges and Springhill Townships in Fayette County [], and thus subject to the Fayette County Zoning Ordinance. The first iteration of litigation began when [Developer] filed a Petition for Special Exception ("Special Exception") with the Fayette County Zoning Hearing Board ("ZHB"). The denial of that Petition led to an appeal to the [Trial] Court [] at No. 1112 of 2008, a remand to the ZHB[,] and a second appeal at No. 2009 of 2009, and then subsequent extensive appellate proceedings, including a remand from the Pennsylvania Supreme Court to the Commonwealth Court. That matter was finally resolved when the Commonwealth Court issued opinions on May 20th, 2014, and March 11th, 2015, and the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal on August 19th, 2015. [Appellant],

Opinion at 1 n.1; *PPM Atl. Renewable v. Fayette Cnty. Zoning Hearing Bd.* (Pa. Cmwlth., No. 1431 C.D. 2010, filed Mar. 11, 2015).

a landowner with property in proximity to the proposed development, was the Objector in those proceedings. Ultimately, the Commonwealth Court upheld the ZHB's denial of dimensional variances and special exceptions for 8 of the turbines, and upheld the conditions imposed by the ZHB on the remaining 14 turbines.

Trial Court Order at 2 (footnote omitted); *see also* Trial Court Opinion at 2; *PPM Atl. Renewable v. Fayette Cnty. Zoning Hearing Bd.* (Pa. Cmwlth., No. 1431 C.D. 2010, filed May 20, 2014) & *PPM Atl. Renewable v. Fayette Cnty. Zoning Hearing Bd.* (Pa. Cmwlth., No. 1431 C.D. 2010, filed Mar. 11, 2015).

During the pendency of the above-described litigation, the Fayette County Planning Commission (Commission) voted twice – on June 25, 2009, and July 23, 2009 – to amend the Fayette County Zoning Ordinance (Ordinance) to change commercial windmills/wind turbines from a use by special exception to a permitted use as a matter of right in certain zoning districts. *See* Trial Court Order at 3; Trial Court Opinion at 2-3. On July 24, 2009, Appellant filed a land use appeal challenging the adoption of the Ordinance amendments, which the Trial Court docketed at 2108 of 2009 (Ordinance Amendment Challenge). *See* Trial Court Order at 3; Trial Court Opinion at 2-3.

On September 16, 2009, Developer filed the instant land development plan (Development Plan) based on the amended Ordinance. *See* Trial Court Order at 3. The Commission formally conditionally approved the Development Plan during a public meeting held on October 8, 2009, and then confirmed the conditional approval by written decision dated October 14, 2009 (Development Approval Determination). *See* Trial Court Order at 3. On December 21, 2010, the Commission signed the Development Plan as "approved," which Developer then recorded with the Fayette County Recorder of Deeds' Office on December 22, 2010,

before beginning construction on the Project. *See* Trial Court Order at 3; Trial Court Opinion at 3.

On February 8, 2011, Appellant filed a land use appeal regarding the Development Approval Determination, docketed by the Trial Court at No. 300 of 2011, G.D. (Land Use Appeal), which forms the subject of the instant appeal. *See* Trial Court Order at 3; *see also* Trial Court Opinion at 3; Land Use Appeal, Reproduced Record (R.R.) at 263a-65a. The Land Use Appeal neither named the Commission as a party nor alleged an abuse of discretion or error of law on the Commission's part. *See* Land Use Appeal, R.R. at 263a-65a. On July 12, 2011, Developer filed a "Motion to Dismiss and/or Quash Land Use Appeal" (Motion to Dismiss). *See* Motion to Dismiss, R.R. at 250a-59a. In response, on July 15, 2011, Appellant filed a document entitled "Amendment to Land Use Appeal" containing additional allegations. *See* Amendment to Land Use Appeal, R.R. at 235a-38a; *see also* Trial Court Opinion at 3. Also on July 15, 2011, Appellant filed a separate mandamus action, docketed at Trial Court Docket No. 1545 of 2011 (Mandamus Action), that involved the same subject matter as the Land Use Appeal and named the Commission as a defendant. *See* Trial Court Order at 3; Trial Court Opinion at 3.

On May 25, 2016, the Trial Court conducted a status conference on the matter and issued a briefing schedule in relation to the Motion to Dismiss. *See* Land Use Appeal Docket at 2, R.R. at 274a. Although the parties complied with the briefing schedule and the Motion to Dismiss was scheduled for oral argument in October of 2016, the matter stagnated. *See id.*

On December 5, 2018, the Trial Court consolidated the Land Use Appeal, the Mandamus Action, and the Ordinance Amendment Challenge

4

(Consolidation Order). *See* Trial Court Order at 3; Trial Court Opinion at 3; *see also* Land Use Appeal Docket at 2, R.R. at 274a. The parties participated in an unsuccessful mediation in March of 2021. *See* Trial Court Order at 3. In early 2022, the Trial Court ordered the parties to participate in another mediation, to which Developer objected[2] by filing a Joint Motion for Reconsideration in which it suggested that further attempts at mediation would not be fruitful. *See* Land Use Appeal Docket at 2-3, R.R. at 274a-75a; *see also* Joint Motion for Reconsideration at 6; Reply to Joint Motion for Reconsideration at 4, R.R. at 146a-52a. The Trial Court withdrew the second mediation referral by order dated June 1, 2022, but declined to discontinue or dismiss the consolidated cases. *See* Trial Court Order at 3-4, Land Use Appeal Docket at 3, R.R. at 275a.

The Trial Court conducted a status conference and argument on the Motion to Dismiss on March 11, 2024, and on March 28, 2024, issued an order setting forth a briefing schedule. *See* Trial Court Order at 4; Trial Court Opinion at 3. Following briefing by the parties and argument on the Motion to Dismiss, the Trial Court entered the Trial Court Order on October 15, 2024, granting the Motion to Dismiss and quashing the Land Use Appeal on jurisdictional grounds. *See* Trial Court Order at 13-16 & 18; Trial Court Opinion at 3-4. The Trial Court Order also revoked the December 5, 2018 Consolidation Order that had previously consolidated the Ordinance Amendment Challenge, the Land Use Appeal, and the Mandamus Action, making the denial of the Land Use Appeal immediately appealable. *See* Trial Court Order at 20; Trial Court Opinion at 4.

---

[2] In his Reply to Joint Motion for Reconsideration, Appellant responded that he agreed that the matters should be moved toward termination in lieu of a second mediation. *See* Reply to Joint Motion for Reconsideration at 2, R.R. at 143a.

Appellant appealed the Trial Court Order's dismissal of the Land Use Appeal to this Court on November 13, 2024.[3]  *See* Notice of Appeal filed November 13, 2024.  The Trial Court issued the Trial Court Opinion on January 3, 2025.  *See* Trial Court Opinion.

## II. Issues

Appellant purports to raise eight claims on appeal.  *See* Appellant's Br. at 8.  In his third, fourth, and fifth claims,[4] Appellant challenges the Trial Court's procedural determinations that the Land Use Appeal was untimely filed, that Appellant is not an aggrieved party, and that the Land Use Appeal failed to plead a cause of action.  *See* Appellant's Br. at 8 & 23-28.  In addition to his procedural challenges, Appellant also makes a number of substantive claims based on the

---

[3] The instant appeal is the only appeal currently pending before this Court related to the Project.

[4] Appellant's Statement of Questions Involved sets forth his procedural issues in his third, fourth, and fifth claims as follows:

> **A.3. UNTIMELY APPEAL**
> Was [Appellant's] appeal timely filed?
> Answer of the [Trial Court]:  No.
>
> **A.4. AGGRIEVED PARTY**
> Is [Appellant] an aggrieved party with standing?
> Answer of the [Trial Court]:  No.
>
> **A.5. FAILURE TO PLEAD A CAUSE OF ACTION**
> Did [Appellant] fail to plead a cause of action?
> Answer of the [Trial Court]:  Yes.

Appellant's Br. at 8.

underlying claims of Land Use Appeal.[5]  *See* Appellant's Br. at 8, 17-23 & 28-30. Appellant is not entitled to relief.

### III. Discussion

We first address Appellant's claim that the Trial Court erred by dismissing the Land Use Appeal as untimely, as it implicates the Trial Court's

---

[5] The Statement of Questions Involved sets forth Appellant's substantive claims as follows:

> **A.1. PARTICIPATING LANDOWNER THEORY**
> Did the 2015 decision from Developer's prior appeal reinstating the ZHB Decision mean that Developer constructed the [P]roject with setback violations?
> Answer of the [Trial Court]:  Not addressed.
>
> **A.2. THE *SHUTTLE* LINE OF CASES**
> Did the Developer properly obtain approval for the Project under [] *Shuttle* [*Development Corp. v. Upper Dublin Twp.*, 338 A.2d 777 (Pa. Cmwlth. 1972)]?
> Answer of the [Trial Court]:  The *Shuttle* line of cases are not applicable.
>
> . . . .
>
> **A.6. SPECIAL LEGISLATION**
> Was the action of the governing body in changing a special exception to a permitted use zoning classification special legislation to approve just this one Project?
> Answer of the [Trial Court]:  Not addressed.
>
> **A.7. COORDINATE JURISDICTION RULE**
> Does the coordinate jurisdiction rule apply to these cases?
> Answer of the [Trial Court]:  Not addressed.
>
> **A.8. SETTLEMENT**
> Were these cases settled in 2011?
> Answer of the [Trial Court]:  This was ruled a stale claim.

Appellant's Br. at 8.

jurisdiction over the Land Use Appeal and is dispositive of this matter. *See* Appellant's Br. at 23-25. Appellant claims that the Trial Court incorrectly dismissed the Land Use Appeal because the appeal period regarding the Development Approval Determination had not started as to Appellant until Appellant's "accidental discovery of the start of [Project] construction while surfing the internet in January of 2011." Appellant's Br. at 24. Appellant is incorrect.

This Court has long held that

> [t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Iannotta v. Phila. Transp. Co.*, 312 A.2d 475, 476 (Pa. Cmwlth. 1973) (internal citations omitted); *see also Stanton v. Dep't of Transp., Bureau of Driver Licensing*, 623 A.2d 925, 926 (Pa. Cmwlth. 1993) ("The law is well settled that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence."); *Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020) ("Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals.") (internal citations omitted). Failure to adhere to the specific procedural and time limitations for land use appeals will result in quashal of an appeal of a land use determination. *See Luke v. Cataldi*, 932 A.2d 45, 55 (Pa. 2007) (quoting Section

1002-A of the Pennsylvania Municipalities Planning Code[6] (MPC), 53 P.S. § 11002-A,[7] in noting that land use appeals must be filed within 30 days after entry of the decision); *see also Ottaviano v. Soc'y Hill Civic Ass'n*, 457 A.2d 1041, 1042 (Pa. Cmwlth. 1983) ("Failure to strictly comply with procedural and time requirements will result in the quashing of a zoning appeal.").

Section 1001-A of the MPC establishes the procedures set forth in Article X-A of the MPC as "the exclusive mode for securing review of any decision rendered pursuant to Article IX[8] or deemed to have been made under [the MPC]." 53 P.S. § 11001-A.[9] In turn, Section 1002-A(a) provides that

> [a]ll appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) . . . . It is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process would result from its application, the 30-day limitation in this section should be applied in all appeals from decisions.

---

[6] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329.

[7] Section 1002-A of the MPC was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002-A.

[8] Article IX of the MPC pertains to zoning hearing boards and other administrative proceedings. *See* 53 P.S. §§ 10901-10918.

[9] Section 1001-A of the MPC was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001-A.

53 P.S. § 11002-A(a) (footnote omitted). Section 5572 of the Judicial Code provides that

> [t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter. The date of entry of an order of a court or magisterial district judge may be specified by general rules.

42 Pa.C.S. § 5572. Additionally, our Supreme Court has noted that "the mailing or other direct communication of the written decision" pertaining to a land use decision, as opposed to the verbal vote of a governing body, triggers the period of time during which an appeal may be filed. *Narberth Borough v. Lower Merion Twp.*, 915 A.2d 626, 636 (Pa. 2007); *see also First Ave. Partners v. City of Pittsburgh Plan. Comm'n*, 151 A.3d 715, 722 (Pa. Cmwlth. 2016); *Charles St. John, LLC v. Matamoras Borough Council*, 318 A.3d 971, 974 (Pa. Cmwlth. 2024), *reargument denied* (July 29, 2024), *appeal denied*, 336 A.3d 944 (Pa. 2025) (noting that the appeal period for land use appeals begins on the date of the governing body's mailing of the written decision).

Section 11002-1-A(b) of the MPC provides an exception to the 30-day time limitation to appeal a determination of a government unit where a party establishes:

> (1) That the person filing the appeal had insufficient actual or constructive notice of the decision to permit filing an appeal within the time period provided in section 1002-A(a). Notice of a hearing prior to the entry of a decision in accordance with section 908(1) [(relating to notice of a zoning hearing board hearing)], notice of a decision in accordance with section 908(10) or notice of a deemed

10

decision provided in accordance with this act shall establish constructive notice as a matter of law in any appeal under this section.

(2) That because of the insufficient actual or constructive notice of the decision, the application of the time limitation in section 1002-A(a) would result in an impermissible deprivation of constitutional rights.

53 P.S. § 11002.1-A (footnote omitted).

Here, after reviewing the procedural posture of the Land Use Appeal and the parties' arguments, the Trial Court initially observed that

the [Land Use] Appeal does not aver the date of the conditional approval of the [Development] Plan. It is not clear from the [Land Use] Appeal whether [Appellant] is appealing the "conditional final" approval of the [Development Plan] which was granted by letter dated October 14th, 2009, (per [Developer]), or the date of approval, which pursuant to § 1001-407 and § 1001-408 of the [Subdivision and Land Use Ordinance] would be the date of unconditional approval as noted on the final recorded plan.

Trial Court Order at 13-14. After briefly discussing the sequential nature of a land use approval, the Trial Court continued, stating that "no further analysis of the question is necessary here, as even if the [Trial] Court were to use (for the sake of argument) the latest possible date, the date of recording, December 22nd, 2010, the [Land Use] Appeal filed on February 8th, 2011, is still untimely." Trial Court Order at 14. The Trial Court elaborated:

Though Section 11002-1-A(b) provides an exception to the 30-day timeline where a party can establish insufficient actual or constructive notice resulting in an impermissible deprivation of constitutional rights,

11

[Appellant] has not pled such an exception in the [Land Use] Appeal, averring only that he is "unaware of exactly when the plan was presented[]." . . . Therefore, under any possible interpretation of the date triggering the appeal period, the [Land Use] Appeal was untimely and th[e Trial] Court lacks jurisdiction to review it.

Trial Court Order at 14 (internal citation and footnotes omitted).

We agree with the Trial Court's assessment of the Land Use Appeal's timeliness. The Commission first approved the Development Plan in a meeting open to the public on October 8, 2009, and then memorialized the determination on October 14, 2009, in the written Development Approval Determination, triggering the statutory appeal period. *See* 53 P.S. § 11002-A(a); 42 Pa.C.S. § 5572; *Narberth Borough*; *First Ave. Partners*. Appellant therefore had 30 days, or until November 13, 2009, to timely file the Land Use Appeal. Appellant failed to timely file the Land Use Appeal within this statutory period and did not plead the application of the Section 11002-1-A(b) exception to the appeal time limitation in the Land Use Appeal or the Amendment to Land Use Appeal. Accordingly, the Trial Court lacked jurisdiction to entertain the Land Use Appeal and properly quashed it. Further, as the Trial Court noted, even if the Court considered the triggering event for the running of the appeal period to be the date the Commission signed the plan as "approved" on December 21, 2010, or the recording of the Development Plan on December 22, 2010, Appellant's filing of the Land Use Appeal on February 8, 2011, would still not have complied with the 30-day requirement of Section 1002-A of the MPC, 53 P.S. § 11002-A(a).

We find unpersuasive Appellant's argument that the triggering date for the Land Use Appeal was an unspecified date in late January 2011 when Appellant purports to have discovered that work had begun on the Project by reading about it

on the internet. *See* Appellant's Br. at 24. Such an argument is contrary to the requirements of Section 1002-A(a) of the MPC and Section 5572 of the Judicial Code, which make clear that appeals from land use decisions are to be taken within 30 days of the date of the entry of the decision to be appealed. *See* 53 P.S. § 11002-A(a); 42 Pa.C.S. § 5572.

## IV. Conclusion

For the reasons above, we affirm the Trial Court Order.[10]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[10] Because we find the Trial Court properly quashed the Land Use Appeal for lack of jurisdiction as a result of Appellant's untimely filing thereof, we need not discuss Appellant's remaining procedural or substantive claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Bozek,  :
             Appellant  :
               :
       v.  :
               :  No. 1557 C.D. 2024
Atlantic Wind, LLC  :

## **O R D E R**

AND NOW, this 16th day of July, 2026, the October 15, 2024 Opinion and Order of the Court of Common Pleas of Fayette County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge